## DECLARATION OF OTSUKA HISAO

I, Otsuka Hisao, declare as follows;

      1. I hereby offer this declaration and certify that the same is true of my own personal knowledge, except as to those matters which are herein stated upon information and belief and as to those matters I believe them to be true, and I further state that I could and would competently testify to such matters if called upon to so testify in Court.

      2. I am a videographer working at Azabu Co. in Tokyo, Japan. My address is 3-12-39 Nobidome, Niiza City, Saitama Prefecture, Japan 352-0011.

      3. In December 18, 2017, on behalf of his client, Dr. Masahide Kanayama, David Dudley retained my services to take digital video recordings of two facilities in Japan: the Narita-san Shinshoji Buddhist Temple (the "Temple") and the Katori Shinto Shrine (the "Shrine") both in Chiba Prefecture.

      4. On December 18, 2017, I traveled to those facilities with Attorney Toshimitsu Takaesu and American Attorney David M. Dudley. At both the Temple and the Shrine, I took video recordings using a Sony FED AX 30 video camera at the direction of the lawyer. The video recordings are of photographer Uchida Koji taking photos of the areas where the police pictures show where the stains were. It also has recordings of Attorney Dudley explaining the situation after the photos were taken. I have since submitted a DVD copy of the recordings to Dr. Kanayama.

      5. As part of my duties at the Temple, I was asked to take video recordings of Mr. Uchida taking photos of three pillars that are on the right side of the main gate, as one enters that gate. Both before taking those video recordings and while filming, I carefully examined the areas of the pillars which Mr. Uchida was photographing. During that examination, there were no stains whatsoever of the kind that was in the pictures provided by the police.

6. As a part of my duties at the Shrine, I was asked to take video recordings of Mr. Uchida taking photographs of an offering box, some stairs behind the offering box, and two pillars to either side of the offering box and the stairs. This is the area where the police's pictures show to be stained. Both before taking those video recordings and while filming, I carefully examined the area where Mr. Uchida was photographing. During that examination, I noticed no stains as shown in the police pictures. The offering box did have noticeable signs of wear and tear on top of its surface, but there were no stains on it.

7. Although I neither speak nor read nor write in the English language, this Declaration was translated and read to me in Japanese by Attorney Toshimitsu Takaesu on December 26, 2017.



8. Based upon that reading, and upon my personal discussions with Attorney Dudley, translated and interpreted by Attorney Takaesu on December 18, 2017, everything in this declaration is true and correct.

Under penalty of perjury of the laws of the United States and Japan, I declare the foregoing to be both true and correct, to the best of my present knowledge.

DATED:        December 26, 2017

　　　　　　　　　　　　　　大塚　寿夫　　OTSUKA HISAO

印鑑登録証明書

| 登録印影 | 氏名 | 大塚 寿夫 |
|---|---|---|
| | 生年月日 | 昭和38年8月20日 |
| | 住所 | 埼玉県新座市野火止三丁目12番39号 |
| 備考 | | |

この写しは登録された印影と相違ないことを証明します。

平成29年12月27日

埼玉県新座市長　並木　傑



Certificate of Seal

| | |
|---|---|
| Impression Of Seal | Name: Hisao Otsuka<br>Date of Birth: August 20, 1963<br>Address: 3-12-39 Nobidome, Niiza City, Saitama Prefecture |

This document is a correct and true copy of the original registered seal.

December 27, 2017

        Niiza City, Saitama Prefecture Mayor Masaru Namiki    Seal

# Exhibit 27

# **DECLARATION OF DAVID M. DUDLEY**

I, David M. Dudley, declare as follows;

1. I hereby offer this declaration and certify that the same is true of my own personal knowledge, except as to those matters which are herein stated upon information and belief and as to those matters I believe them to be true, and I further state that I could and would competently testify to such matters if called upon to so testify in Court.

2. I am a counsel of record for Defendant Masahide Kanayama in the above-entitled matter.

3. On December 15, 2017, I traveled to Japan to supervise defense investigation on Dr. Kanayama's behalf.

4. On December 18, 2017, I drove from my hotel to the Narita-san Shinshoji Buddhist Temple (the "Temple") and the Katori Shinto Shrine (the "Shrine"), both in Chiba Prefecture. Accompanying me on that drive were Attorney Toshimitsu Takaesu, one of Dr. Kanayama's attorneys in Japan, photographer Koji Uchida, and videographer Otsuka Hisao.

5. At both the Temple and the Shrine, Uchida took photographs and Hisao took videos at the direction of Mr. Takaesu and myself.

6. At the Temple, I personally carefully examined three pillars on the east side of the main gate. There were no stains of any kind on those pillars.

7. After conducting that examination, I measured the distance between the pillars and the security camera that had supposedly captured the images of Dr. Kanayama at the Temple gate. That camera is at the top of an approximately 40-foot high pole, about 120 feet away from the floor of the gate.

8. At the Shrine, I personally carefully examined an offering box, some stairs behind the offering box, and two pillars surrounding the offering box. There were no stains on the offering box, the stairs, or the two pillars. The offering box did, however, have some damage to its upper surface due to apparent wear and tear and exposure to the elements.

Under penalty of perjury of the laws of the United States, I declare the foregoing to be true and correct to the best of my knowledge.

DATED:  January 8, 2018



David M. Dudley

2

# Exhibit 28