UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MASAHIDE KANAYAMA,

                Petitioner,

-against-                                      23 CV 3469 (CM)

SCOTT KOWAL, Chief of U.S. Pre-
Trial Services SDNY, and DOES 1-10,

                Respondent.
------------------------------------------------------------x

## DECISION AND ORDER DENYING STAY OF EXTRADITION

McMahon, J.:

      For substantially the reasons articulated by the Government at pages 8-15 of its Memorandum in Opposition to Petitioner's Motion for a Stay of Extradition (Docket # 29) – which reasons should be deemed incorporated into this decision and order – the Petitioner's application for a stay of his extradition is denied.

      In addition to the reasons cited above, the court notes two things.

      First, it seems there is not the slightest chance that the Petitioner will be extradited any time soon. Extradition is an executive, not a judicial, function; the ultimate decision about whether to extradite is made, not by any judge, but by the Secretary of State. All that the decision of Judge Ramos (and to a lesser extent, the decision of this court) did was trigger the ability of the Secretary to decide whether or not to accede to Japan's request that Kanayama be extradited. The United States Attorney's Office has advised this court and the Second Circuit that Dr. Kanayama's extradition is neither scheduled nor imminent. (Docket #28). That being so, it seems unlikely that anyone will be in a position to make a decision about Kanayama's extradition anytime soon. We are at present in the midst of a change in administrations; we do not even know when a new Secretary of State will be confirmed. If history is any guide, a decision like this one, carrying as it does foreign policy implications, is unlikely to be made by a caretaker official. Nor is it likely to be the highest priority of an incoming Secretary. Thus, a stay pending appeal would appear to be entirely unnecessary. If Dr. Kanayama is concerned that this analysis might not be correct, he can always seek an expedited appellate hearing.

      Second, Dr. Kanayama's assertion that he could not have had the specific intent required to commit the crime of which he stands accused is predicated on an erroneous understanding of what he had to "intend." The New York statutes that Judge Ramos and this court deemed comparable to the crime of which Petitioner stands accused in Japan – Penal Law Sections

145.05 and 145.10 – make it a crime to damage property "with the intent to damage the property of another person and having no right to do so or any reasonable ground to believe that he has such a right." While Kanayama needs to have caused damage in particular amounts in order to meet a different element of those particular crimes, the intent element is not tied to any particular amount of damage caused. Petitioner need only have intended to damage someone else's property, in any manner and to any degree, without having a reasonable basis to believe that he was authorized to do so.

Petitioner argues that "pouring oil" or "dabbing oil with a fingertip" on the Japanese shrines for his own religious reasons – something he admits to having done on other occasions, though he does not admit to having done so here -- does not indicate any intent to damage those shrines; indeed, he says it suggests the opposite. (Petitioner's Br. at 18).[1] But if, by so doing, Petitioner desecrated a sacred place in the eyes of those who honor a religious tradition different from his own, that would in and of itself seem to cause "damage" to the defaced shrines. Whether that or any other form of "damage" reaches the statutory thresholds is a matter for the trier of fact to decide in Japan; there is more than sufficient evidence that Petitioner caused at least $250 in physical damage to the shrines, thus giving rise to the probable cause needed to extradite.

The motion for a stay pending appeal is denied. The Clerk of Court is directed to remove the motion at Docket #26 from the court's list of open motions, and to re-close this matter.

Dated: December 19, 2024

_____
U.S.D.J.

BY ECF TO ALL PARTIES

---

[1] In his brief Petitioner uses the word "destroy" rather than "damage," but that is not the statutory standard.