UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF MASAHIDE KANAYAMA | 17 Misc. 1 (ER) |
| MASAHIDE KANAYAMA,<br><br>Petitioner,<br><br>-against-<br><br>SCOTT KOWAL, Chief of U.S. Pre-Trial Services SDNY, and DOES 1–10,<br><br>Respondents. | 23 Civ. 3469 (CM) |
| MASAHIDE KANAYAMA,<br><br>Petitioner,<br><br>-against-<br><br>SCOTT KOWAL, Chief of U.S. Pre-Trial Services SDNY,<br><br>Respondent. | 26 Civ. 1402 (JPO) |

**Government's Motion for an Order Detaining Masahide Kanayama for Execution of the Secretary of State's Decision on Extradition and Surrender of Masahide Kanayama to Japan**

DC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED 4/6/2026

JAY CLAYTON
United States Attorney
Southern District of New York
26 Federal Plaza, 37th Floor
New York, New York 10278

Ariel Cohen
Michael D. Maimin
Assistant United States Attorneys
Of Counsel

4/6/2026

*This motion - the same motion - was filed before three different judges. We decided that Judge Ramos should enter the order. The motion before me should be removed from my list of open motions because it has already been decided by Judge Ramos*

Respondents, by and through the United States Attorney for the Southern District of New York, respectfully submit this motion for an order revoking the release of, and detaining, Masahide Kanayama in order to enable the United States to execute the Secretary of State's decision to surrender Kanayama to Japan.

## I.  Introduction

On November 18, 2025, the Second Circuit affirmed this Court's (McMahon, J.) decision denying Kanayama's petition for a writ of habeas corpus challenging the certification of his extradition to Japan. *See Kanayama v. Kowal*, No. 24-1340, 2025 WL 3210986 (2d Cir. Nov. 18, 2025) (summary order). The Secretary of State has signed a warrant for Kanayama's surrender to Japan to face charges for damage to a structure in violation of Article 260 of the Japanese Penal Code. Kanayama has litigated his extradition for nearly a decade now: Judge Edgardo Ramos certified that Kanayama was extraditable; Judge Colleen McMahon denied Kanayama's habeas petition challenging Judge Ramos's decision; the Second Circuit affirmed Judge McMahon's denial of habeas; Associate Justice Sotomayor, acting as the Circuit Justice, denied Kanayama's emergency application for a stay of extradition; the Supreme Court denied Kanayama's emergency application for a stay of extradition; and the Supreme Court denied Kanayama's petition for a writ of certiorari.

As set forth below, 18 U.S.C. § 3184 mandates that fugitives, such as Kanayama, who have been certified as extraditable be brought into custody until surrender can be effected. There is no legal impediment to Kanayama's surrender to Japan—despite his latest attempt to extend litigation by filing a frivolous new habeas petition before Judge J. Paul Oetken—and accordingly, the Court should order

Case 1:23-cv-03469-CM    Document 35    Filed 02/24/26    Page 3 of 10

Kanayama into custody so that his extradition and surrender to Japan may proceed, and specifically, to enable the Government to effectuate his physical surrender to Japanese authorities for transportation to Japan pursuant to the Secretary of State's surrender decision.

## II.    Procedural Background

The procedural background of the case is set forth in the Second Circuit's opinion. *See Kanayama*, 2025 WL 3210986, at *1. As relevant to this motion, on April 28, 2015, and December 8, 2015, pursuant to 18 U.S.C. § 3184 and the Treaty on Extradition Between the United States of America and Japan (the "Treaty"), Japan's Sakura Summary Court issued warrants for Kanayama's arrest for two separate counts of damage to a structure in violation of Article 260 of the Japanese Penal Code. *Id*. On December 12, 2016, Japan requested Kanayama's extradition and, on May 30, 2017, the Honorable Barbara C. Moses, United States Magistrate Judge issued a warrant for Kanayama's arrest; that same day, Kanayama was arrested, presented before a magistrate judge, and released on bail pending extradition proceedings. *Id*. On December 6, 2022, the Honorable Edgardo Ramos, United States District judge, conducted an extradition hearing; the following month, on January 26, 2023, he certified to the Secretary of State that Kanayama was extraditable under the Treaty and Section 3184. *Id*. Kanayama filed a habeas petition challenging the extradition certification; in an order entered on April 11, 2024, the Honorable Colleen McMahon, United States District Judge, denied Kanayama's habeas petition. *Id*. Kanayama appealed. *Id*.

Since that time, on October 16, 2025, the Department of State authorized Kanayama's extradition, writing to Kanayama's counsel:

> I am writing in relation to the Secretary of State's determination on whether to extradite Masahide Kanayama to Japan. Following a review of all pertinent information, including the materials submitted directly to the Department of State, as well as the materials and filings submitted to the U.S. District Court for the Southern District of New York on behalf of Mr. Kanayama, the Under Secretary of State for Political Affairs decided to authorize Mr. Kanayama's surrender to Japan, pursuant to 18 U.S.C. § 3186 and the Extradition Treaty between the United States and Japan.
>
> In reaching a decision in any extradition case, the Department carefully and thoroughly considers all claims submitted and takes appropriate steps, which may include obtaining information or commitments from the requesting government, to address the identified concerns. We have shared information about Mr. Kanayama's medical conditions with Japanese authorities, who confirmed that his medical needs will be met both in transit from the United States to Japan, and during any period of detention in Japan.

The following month, on November 18, 2025, the Second Circuit (Nardini, Menashi, and Lynch, *JJ.*) affirmed Judge McMahon's denial of Kanayama's habeas petition. *Kanayama*, 2025 WL 3210986, at *4.

Eight days later, on November 26, Kanayama filed an emergency application for a stay of extradition with the Honorable Sonia Sotomayor, Associate Justice of the United States Supreme, who is the Circuit Justice for the Second Circuit Court of Appeals. *See Kanayama v. Kowal*, No. 25A633 (S. Ct.).

On December 9, 2025, Kanayama filed a petition for a writ of *certiorari* with the Supreme Court. *See Kanayama v. Kowal*, No. 25-715 (S. Ct.).

3

Case 1:23-cv-03469-CM   Document 35   Filed 02/24/26   Page 5 of 10

On December 12, 2025, Justice Sotomayor denied Kanayama's emergency application for a stay of extradition. *See Kanayama*, No. 25A633. Five days later, Kanayama re-filed his emergency application for a stay of extradition with the Honorable John G. Roberts, Chief Justice of the United States Supreme Court. *See id.* After Chief Justice Roberts referred the application to the entire Supreme Court, on January 20, 2026, the Supreme Court denied Kanayama's emergency application for a stay of extradition.

Following the Supreme Court's denial of Kanayama's emergency application for a stay of extradition, Assistant United States Attorney Michael D. Maimin spoke with counsel for Kanayama—Jeffrey Lichtman, Esq., and Jeffrey Einhorn, Esq.—about surrendering Kanayama for extradition. On February 9, 2026, Mr. Einhorn agreed that Kanayama would surrender on March 2, 2026, so that he could be extradited to Japan on March 3, 2026.

Apparently, on December 29, 2025, Kanyama had filed an application for asylum and withholding of removal. *Kanayama v. Kowal*, No. 26 Civ. 1402 (JPO), Dkt. 1, Ex. A (S.D.N.Y. Feb. 19, 2026). Messrs. Lichtman and Einhorn did not tell AUSA Maimin about this application, including when they agreed Kanayama would surrender. Rather, on February 19, 2026—ten days after Messrs. Lichtman and Einhorn agreed that Kanayama would surrender on March 2, 2026—new counsel for Kanayama—Michael Zigismund, Esq.—filed a new petition for habeas, asking a new

Case 1:23-cv-03469-CM    Document 35    Filed 02/24/26    Page 6 of 10

Judge—the Honorable J. Paul Oetken, United States District Judge[1]—to "set aside the original court's certification of the government's request in this matter." *Id.*, Dkt. 1 at 11. Nobody told AUSA Maimin about this latest petition for habeas.[2]

Yesterday, on February 23, 2026, the Supreme Court denied Kanayama's petition for a writ of *certiorari*. *See Kanayama*, No. 25-715.

---

[1] The latest habeas petition is related to the prior habeas petition, as it is a civil action in which: (A) "the actions concern the same or substantially similar parties, property, transactions, or events"; (B) there is substantial factual overlap"; (C) "the parties could be subject to conflicting orders"; and (D) absent a determination of relatedness there would be substantial duplication of effort and expense, delay, or undue burden on the court, parties, or witnesses." , in the normal course, it would be assigned to Judge McMahon, who is familiar with Kanayama's extradition arguments and history. Rule 13(a)(1) of the <u>Rules for the Division of Business Among District Judges, Southern District of New York</u> (the "Division Rules"). Accordingly, the new habeas petition was supposed to "be forwarded to the judge before whom the allegedly related case, appeal, or motion having the lowest docket number is or was pending"—either Judge McMahon (in front of whom the original habeas was pending) or Judge Ramos (in front of whom the original extradition proceeding was pending)—"who shall decide whether to accept or reject the case." Division Rule 13(b)(2). However, in filing his new petition, where the Civil Cover Sheet asked "[h]as this action, case, or proceeding, or one essentially the same, been previously filed in SDNY at any time?," Kanayama incorrectly checked "No." *Kanayama*, No. 26 Civ. 1402 (JPO), Dkt. 1-2 (S.D.N.Y. Feb. 19, 2026). Accordingly, the Court's clerks wheeled the case out to a new judge: Judge Oetken.

[2] Also on February 19, 2026, AUSA Maimin emailed Messrs. Lichtman and Einhorn to ask for an update regarding Kanayama's medical needs for extradition; Mr. Einhorn explained that he would follow up without mentioning the asylum application or latest habeas petition. Indeed, on February 24, 2026, Mr. Einhorn confirmed the surrender date of March 2, 2026, without mentioning the asylum application or latest habeas petition. Messrs. Lichtman and Einhorn are well-known before this Court and are not counsel of record on the latest habeas petition; it is possible they did not know that Kanayama retained new counsel to attempt to further delay his extradition.

Case 1:23-cv-03469-CM    Document 35    Filed 02/24/26    Page 7 of 10

## III.    Argument

As set forth in the Second Circuit's opinion, pursuant to 18 U.S.C. § 3184, an extradition judge conducts a hearing to "consider only 'whether a valid treaty exists; whether the crime charged is covered by the relevant treaty; and whether the evidence marshaled in support of the complaint for extradition is sufficient under the applicable standard of proof.'" *Kanayama*, 2025 WL 3210986, at *1 (quoting *Cheung v. United States*, 213 F.3d 82, 88 (2d Cir. 2000)). If those requirements are met, the judge "shall certify" his finding to the Secretary of State, who then decides whether to surrender the fugitive pursuant to 18 U.S.C. § 3184 and the relevant treaty. *See Kapoor v. Demarco*, 132 F.4th 595,601 (2d Cir. 2005) (citing 18 U.S.C. § 3184).

18 U.S.C. § 3184 unequivocally mandates that fugitives who have been certified as extraditable be brought into custody until surrender can be effected. *See* 18 U.S.C. § 3184 (providing extradition judge who has certified fugitive as extraditable "shall issue [a] warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made"). Indeed, in *Wright v. Henkel*, 190 U.S. 40 (1903), the seminal case on bail in international extradition proceedings, the Supreme Court expressly recognized that the plain language of the federal extradition statute "is inconsistent with [the] allowance [of a fugitive's release on bail] after committal." 190 U.S. 40, 62 (1903). As the Court explained:

> The demanding government, when it has done all that the treaty and the law require it to do, is entitled to the delivery of the accused on the issue of the proper warrant, and the other government is under obligation to make the surrender; an obligation which it might be impossible to fulfill if release on bail were permitted. The enforcement of the bond, if forfeited, would hardly meet the international

6

> demand; and the regaining of the custody of the accused obviously would be surrounded with serious embarrassment.

*Id.* In 2018, the Supreme Court held that 18 U.S.C. § 1226(c)—which uses similar language and provides that the Attorney General "shall take [certain aliens] into custody" and may release those aliens only under narrow specified circumstances— "expressly prohibits release from … detention," *i.e.*, it precludes release on bond despite lack of explicit statutory reference to bond. *Jennings v. Rodriguez*, 583 U.S. 281, 289, 303–04 (2018). Accordingly, a fugitive to be extradited typically is held in custody throughout the judicial phase of the extradition process, particularly after the certification decision under 18 U.S.C. § 3184.

Kanayama's detention now is necessary because the Secretary of State has authorized his surrender, and Kanayama's extradition is not subject to any stay;[3] accordingly, there are no legal impediments to surrender. Additionally, the United States has informed the Government of Japan of the Second Circuit's affirmance, and coordination of surrender logistics is underway. The physical surrender of a fugitive for extradition typically is carried out by the U.S. Marshals Service, which coordinates transfer of custody of the fugitive to be surrendered to the foreign authorities. In order to effect the surrender, the fugitive must be detained beforehand so as to ensure that he will be available for the transfer of custody, as well as to ensure the safety and security of those involved in executing the surrender.

---

[3] Indeed, the Supreme Court has now twice denied Kanayama's requested stays of extradition.

Case 1:23-cv-03469-CM   Document 35   Filed 02/24/26   Page 9 of 10

Although fugitives to be extradited typically are held in custody throughout the judicial phase of the extradition process, here, Kanayama was released on bond in 2017, and has remained on release since that time. Under the unusual circumstances present here, where the fugitive to be extradited is not yet in custody at the time of the Department of State's surrender decision, the fugitive must be taken into custody prior to the departure of the foreign authorities to the United States to ensure that the fugitive is available for the transfer of custody and to ensure the safety, security, and well-being of those involved.

If the Court remands Kanayama, he will be taken into custody by the U.S. Marshals Service, and the government will arrange for his transfer to the custody of Japanese authorities. It is the usual practice of the United States to surrender a fugitive to the requesting country as expeditiously as possible after the Secretary of State has issued a surrender warrant when no legal impediments to surrender exist.

Thus, pursuant to 18 U.S.C. § 3184, the Secretary of State's surrender decision, and the Treaty, this Court should order Kanayama remanded into custody pending the arrival of duly authorized representatives from Japan.

## IV.   Conclusion

For the foregoing reasons, the government respectfully requests that the Court issue an order that the U.S. Marshals Service take Kanayama into custody for

purposes of extradition and surrender to Japan, and that such order supersede and revoke any prior bail or release order or agreement.

Dated: New York, New York
February 24, 2026

Respectfully submitted,

JAY CLAYTON
United States Attorney
Southern District of New York

By: _____

Ariel Cohen
Michael D. Maimin
Assistant U.S. Attorneys
(212) 637-2416 / -2340

9